IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGO CARLIN | : | CIVIL ACTION |
|       Plaintiff, | : | |
| | : | |
|     v. | : | No. 2:12-cv-02988 |
| | : | |
| MICHAEL MARREN, et al. | : | |
|       Defendant. | : | |
| | : | |

**Goldberg, J.**                                                                                     **October 3, 2012**

**MEMORANDUM OPINION**

On May 12, 2012, Plaintiff, Margo Carlin, filed the present complaint in the Court of Common Pleas in Bucks County, asserting a claim pursuant to 42 U.S.C. § 1983 under the state-created danger doctrine against Defendants Bensalem Rescue Squad ("Rescue Squad"), Bensalem Township and Bensalem Township Police Department. Plaintiff also alleges state law claims of false imprisonment, battery and intentional infliction of emotional distress against Defendant Michael Marren, and a dramshop action against Defendants Iman, Inc. and Hulmeville Enterprises, Inc. (Compl., Doc. No. 1-1.)

On May 31, 2012, Defendant Rescue Squad removed the matter to this Court and subsequently filed the present motion to dismiss Plaintiff's § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.**     **Factual Background**

Based upon the averments in the complaint, the pertinent facts, viewed in the light most

favorable to Plaintiff, are as follows:

At all times relevant, Plaintiff and Defendant Michael Marren were members of the Rescue Squad. On the night of March 8, 2010, Plaintiff, Marren, and other Rescue Squad members met at Bailey's Bar and Grill ("Bailey's"), where they socialized for several hours. In the early morning of March 9, 2010, Plaintiff and Marren left Bailey's, stopped at the Hulmeville Inn, and then drove to the Rescue Squad building. The Rescue Squad had a policy of permitting members to sleep in the building's bunkroom, which housed approximately seven beds available to both male and female members. Plaintiff and Marren entered the building's annex using a key fob issued to Marren by either the Rescue Squad or Bensalem Township. Plaintiff alleges that when she entered the ladies room she was sexually assaulted by Marren. On December 17, 2010, a jury convicted Marren on three counts of Aggravated Indecent Assault and three counts of Indecent Assault. (Compl. ¶¶ 3, 15-20, 23, 25-35, 47, 50-51.)

Plaintiff claims that the Rescue Squad's conduct violated her due process rights under the state-created danger doctrine. Specifically, Plaintiff alleges that Defendant knowingly placed her in danger by providing Marren with access to the Rescue Squad building, failing to provide sexual harassment training to its members and failing to impose additional security measures at the building. Plaintiff asserts that the sexual assault was both a foreseeable and direct result of these acts and omissions by the Defendant. (Compl. ¶¶ 52, 54-57.)

**II.     Legal Standard**

When ruling on a motion to dismiss, the court must accept the facts pled in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A complaint must "contain sufficient factual matter, accepted as true,

to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id.

### III.    Discussion

Defendant has moved to dismiss Plaintiff's complaint, arguing that Plaintiff cannot satisfy the elements required for a state-created danger claim.

A State's failure to protect an individual against private violence does not generally constitute a violation of the Due Process Clause.  DeShaney v. Winnebago Cty. Soc. Servs. Dept., 489 U.S. 189, 197 (1989).  It is well-established that the Due Process Clause does not create an affirmative duty for governmental employers to create a safe working environment for its employees.  Collins v. City of Harker Heights, 503 U.S. 115, 126 (1992).  However, there is an exception to this general rule under the state-created danger doctrine, whereby a state actor may be responsible "for the safety of an individual for whom it affirmatively creates or enhances a risk of danger." Kaucher v. County of Bucks, 455 F.3d 418, 431 (3d Cir. 2006).  To prevail on a state-created danger claim, a plaintiff must prove four elements:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Nawuoh v. Venice Ashby Cmty. Ctr., 802 F. Supp. 2d 633, 640 (E.D. Pa. 2011).  Failure to satisfy any one of the four elements defeats a plaintiff's state-created danger claim.  See Sanford v. Stiles,

456 F.3d 298, 311 (3d Cir. 2006).

We find that Plaintiff has failed to identify any affirmative use of authority by the Rescue Squad which created danger or rendered Plaintiff more vulnerable to danger. Because the facts alleged in Plaintiff's complaint are insufficient to satisfy the fourth element identified above, her state-created danger claim necessarily fails.

In order to plead a claim under the state-created danger doctrine, a plaintiff must allege a "misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." Id. In pleading her state-created danger claim, Plaintiff points to the following conduct committed by Rescue Squad: failure to provide its members with sexual harassment training, failure to impose bunkroom policies, failure to maintain separate sleeping facilities for men and women, failure to implement adequate security measures, failure to train and supervise members and failure to restrict access to the Rescue Squad building. (Compl. ¶¶ 48-51, 55-57.) These allegations amount to nothing more than a series of actions not taken by Defendant. As failures to act do not render Defendant liable under the fourth element, Plaintiff fails this element and cannot proceed on a state-created danger claim.[1]

**IV.  Conclusion**

Plaintiff's complaint currently fails to allege sufficient facts to state a claim for a state-

---

[1] Having failed one of the essential elements of a state-created danger claim, we need not consider the others. However, we also express some doubt that Plaintiff's allegations are sufficient to plead conscious-shocking behavior by the Rescue Squad. In order to satisfy this element, it must be alleged that the defendant acted with at least deliberate indifference, i.e., with conscious disregard to a known or obvious risk. Sanford, 456 F.3d at 309, n. 13. Plaintiff's complaint, however, contains no facts which suggest that the possibility of sexual assault, or the inadequacy of the precautions in place, was known or obvious to the Rescue Squad. Construing the facts in a light most favorable to Plaintiff, it is difficult to see how Defendant's alleged failures amount to anything more than negligence.

created danger against the Rescue Squad.  However, in civil rights cases, district courts must extend plaintiffs an opportunity to amend before dismissing a complaint, regardless of whether or not they seek leave to amend.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 236 (3d Cir. 2008).  Therefore, Plaintiff will be granted leave to file an amended complaint within thirty (30) days, after which time, if Plaintiff has not done so, Defendant may move for dismissal.  If Plaintiff does not wish to file an amended complaint, she may file an appropriate notice with the Court asserting her intent to stand on the original complaint.  Defendant's motion to dismiss will be denied without prejudice.

      Our Order follows.